# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**GULFSIDE CASINO PARTNERSHIP**  **PLAINTIFF**

**VS.**  **CASE NO.** 1:20-cv-340-LG-JCG

**WESTCHESTER SURPLUS LINES INSURANCE COMPANY**  **DEFENDANT**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Westchester Surplus Lines Insurance Company ("Westchester") appears specially so as to preserve any and all defenses available under Federal Rule of Civil Procedure 12 and files this Notice of Removal of the above-styled civil action, Case No. A2401-2020-460 from the Circuit Court of Harrison County, Mississippi, First Judicial District to the U.S. District Court for the Southern District of Mississippi, Southern Division. In support of this Notice, Westchester states the following:

### I. INTRODUCTION

1. This action is removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Complete diversity of citizenship exists between Plaintiff, a citizen of the States of Mississippi and Texas, and Defendant Westchester, a citizen of the State of Georgia and the Commonwealth of Pennsylvania.

2. Plaintiff commenced this action on September 24, 2020 in the Circuit Court of Harrison County, Mississippi, which is within the district and division to which this case is removed.

3. Plaintiff alleges that an insurance policy issued by Westchester bearing policy number D37406867 007, which was in place from May 1, 2019 to May 1, 2020 (the "Policy"), provides coverage for certain alleged business-interruption losses that followed a March 16, 2020 order by the Mississippi Gaming Commission that required the closure of certain Mississippi casinos, including Plaintiff's. Compl. ¶¶ 5, 7, 11-12. Specifically, Plaintiff alleges that, after the order, it was unable to accept bookings or reservations for accommodations or conduct its business, causing an "estimated loss of net revenue in the amount of $46,228,293.00 . . . ." *Id.* ¶¶ 11-12, 14. Plaintiff contends that this was caused either by the outbreak of disease as determined by a public or civil authority within a 15 mile radius of an insured location, or by the closing in whole or in part of an insured location(s) either by the Plaintiff or by a civil authority due to the existence or threat of hazardous conditions at an insured location. *Id.* ¶ 12.

4. After receiving notice of Plaintiff's claim, Westchester—along with several other insurance companies that issued their own insurance policies to Plaintiff—investigated Plaintiff's claim, issued requests for information, and reserved all of its rights under the Policy. Plaintiff then issued a demand for

payment from Westchester and other insurers, *see* Compl. ¶ 19, while not responding to certain requests for information from Westchester and other insurers.

5.  Plaintiff alleges four causes of action: "Delay/Breach Of Contract," "Tortious Delay/Breach Of Contract-Intentional Tort," "Negligence Per Se Violation Of Mississippi Statutory Law," and for "Attorney Fees/*Veasley* Fees." *Id.* ¶¶ 21-38. For these claims, Plaintiff seeks "actual and compensatory damages greater than $10,000,000 in addition to punitive damages greater than $90,000,000 . . . ." plus attorneys' fees and pre-judgment and post-judgment interest. *Id. ad damnum* clause.

6.  Westchester's counsel accepted service of the Complaint on October 22, 2020. Before that, Westchester first received notice of this suit and a copy of the Complaint on October 13 when Ms. Cindi Foster, on behalf of Plaintiff, e-mailed a copy of the Summons and Complaint to Westchester representative Mr. Paul Bech. See e-mail attached as **Exhibit A**.

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332

7.  This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between Plaintiff and Defendant Westchester, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. There Is Complete Diversity of Citizenship Between Plaintiff and Westchester.

8. Plaintiff is a citizen of Mississippi and Texas for purposes of diversity jurisdiction. According to the Complaint, it is a general partnership. Compl. ¶ 1. "For the purpose of diversity jurisdiction, the citizenship of a partnership is determined by reference to the citizenship of each of its partners." *International Paper Co. v. Denkmann Assocs.*, 116 F.3d 134, 137 (5th Cir. 1997). Plaintiff's general partners are (1) Gulfside Casino, Inc., "a Mississippi corporate entity with its principal, and only corporate office in . . . Mississippi," and (2) Copa Casino of Mississippi, LLC, the members of which "are residents of the states of Mississippi and Texas." Compl. ¶ 1; *see also MidCap Media Finance, LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (stating citizenship of limited liability company is determined by citizenship of its members).

9. Westchester is a citizen of Georgia and Pennsylvania for purposes of diversity jurisdiction because it is incorporated in Georgia and its principal place of business is located in Pennsylvania. *See* 28 U.S.C. § 1332 (c)(1).

10. Because Plaintiff is a citizen of Mississippi and Texas and the Defendant is a citizen of Georgia and Pennsylvania, complete diversity exists. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) (holding that defendants may remove an action on the basis of diversity of citizenship if there is complete

diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum state).

**B. The Amount in Controversy Exceeds $75,000.**

11.  Under 28 U.S.C. § 1332(a), diversity jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs . . . ." This requirement is met here.

12.  A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); and if contested, a court will determine whether the threshold is met by a preponderance of the evidence. *Id.* at 88.

13.  Plaintiff's Complaint seeks actual and compensatory damages in the amount of $10,000,000—the amount of the Policy's sublimit of liability for the Cancellation Coverage provision placed at issue by the Complaint. Compl. *ad damnum* clause. Plaintiff seeks an additional $90,000,000 in punitive damages, in addition to other damages already described. *Id.* The Policy provides in Endorsement No. 1, the Participating Company Endorsement, that Westchester's participation is part of a layered and shared property insurance program in which, for any covered claim (and subject to all of the Policy's terms and conditions),

Westchester would be obligated to pay $15,000,000 of the first $75,000,000 (or 20%) of any covered and adjusted loss.

14. Here, considering Plaintiff's claim for $10,000,000 in compensatory damages alone, should Plaintiff prevail, Westchester's proportionate share of that would be $2,000,000. This exceeds the amount of the diversity jurisdiction minimum of $75,000. *Cf. Gordon v. Kroger Co.*, No. 3:15-cv-495-DPJ-FKB, 2016 WL 1047900, at *2 (S.D. Miss. Mar. 16, 2016) (citing amount greater than $75,000 in Complaint's *ad damnum* clause, reasoning that "there can be no dispute that the amount in controversy would be satisfied based on the face of the Complaint alone," and denying motion to remand).

15. Therefore, while Westchester does not concede that Plaintiff is entitled to any relief, a fair reading of the Complaint and the Policy indicates an amount in controversy exceeding the jurisdictional minimum.

### III.  VENUE

16. Pursuant to 28 U.S.C. § 1441(a), venue for this removed action lies in this Court since the U.S. District Court for the Southern District of Mississippi, Southern Division, is the U.S. district court for the district and division embracing the court where this action is pending, the Circuit Court of Harrison County, Mississippi, First Judicial District.

### IV. TIMELINESS AND NOTICE

17. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is filed by Westchester within thirty (30) days of Westchester's first receipt of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based. Westchester first received a copy of the Complaint on October 13, 2020 when Ms. Cindi Foster, on behalf of Plaintiff, e-mailed a copy of the Summons and Complaint to Westchester representative Mr. Paul Bech. *See* Exhibit A.

18. Pursuant to 28 U.S.C. § 1446(d), Westchester is providing counsel for Plaintiff with notice and a copy of this Notice of Removal, and Westchester is filing a copy of this Notice of Removal with the Clerk of the Circuit Court of Harrison County, Mississippi.

19. Nothing in this Notice of Removal shall constitute a waiver of any of the rights of Westchester to assert any defenses to Plaintiff's allegations and claims, all such rights being expressly reserved.

### V. LOCAL UNIFORM CIVIL RULE COMPLIANCE

20. Pursuant to 28 U.S.C. 1446(a) and Local Uniform Civil Rule 5(b), a copy of the entire state court record in the removed action is included in **Exhibit B**.

**WHEREFORE, PREMISES CONSIDERED**, Westchester files this Notice of Removal and respectfully requests that this action proceed in this Court

as an action properly removed to it. Plaintiff is hereby notified to proceed no further in state court.

Respectfully submitted, this 12th day of November, 2020.

                                **WESTCHESTER SURPLUS LINES INSURANCE COMPANY**

                                **BY: CARROLL WARREN & PARKER PLLC**

                                **BY: /s/ Doug Morgan**
                                    **Doug Morgan**

**OF COUNSEL:**
R. Douglas Morgan, MSB #100025
D. Scott Murray, MSB #102912
**CARROLL WARREN & PARKER PLLC**
188 E. Capitol Street, Suite 1200 (39201)
Post Office Box 1005
Jackson, MS 39215-1005
Telephone: 601-592-1010
Facsimile:  601-592-6060
dmorgan@cwplaw.com
smurray@cwplaw.com
*ATTORNEYS FOR DEFENDANT WESTCHESTER SURPLUS LINES INSURANCE COMPANY*

## **CERTIFICATE OF SERVICE**

I, Doug Morgan, do hereby certify that a true and correct copy of the above and foregoing has been filed with the Court on this day and a copy of same has been provided to counsel listed below via the Court's ECF system, United States Mail, and Email:

> Joe Sam Owen, Esq.
> jso@owen-owen.com
> Mitchell Owen, Esq.
> mlo@owen-owen.com
> **OWEN AND OWEN, P.L.L.C.**
> 1414 25th Avenue
> Gulfport, Mississippi 39502
>
> Kenneth P. "Casey" Castleberry, Esq.
> casey@castleberrylawfirm.com
> **MURPHY, THOMPSON, ARNOLD, SKINNER & CASTLEBERRY**
> Post Office Box 2595
> 555 East Main Street, Suite 200
> Batesville, Arkansas 72501
> *Attorneys for Plaintiff*

This the 12th day of November, 2020.

/s/ Doug Morgan
**Doug Morgan**